IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NADINE A. GASIOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 7651 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting ) | Maria Valdez |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Nadine A. Gasior's claims for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Gasior's motion for summary judgment [Doc. No. 15] is granted in part and denied in part.

**BACKGROUND**

**I.     PROCEDURAL HISTORY**

On August 11, 2009, Gasior filed claims for both Disability Insurance Benefits and Supplemental Security Income, alleging disability since February 1, 2009. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

held on February 11, 2011. Claimant personally appeared and testified at the hearing and was represented by counsel. Vocational expert Glee Ann Kehr also testified.

On April 14, 2011, the ALJ denied Gasior's claims for both Disability Insurance Benefits and Supplemental Security Income, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. FACTUAL BACKGROUND[2]

### A. Background

Claimant was born on January 30, 1966 and was forty-five years old at the time of the ALJ hearing. She alleges disability due to spinal impairments, depression, chronic pain, and obesity. She has undergone a number of treatments for her impairments, including physical therapy, epidural injections, medication, and surgery. She also has received mental health treatment.

Gasior testified that pain limited her ability to perform many physical activities, and she could only sit for fifteen to twenty minutes at a time, sit for one and a half hours in a workday, and stand for forty-five minutes in a workday. Gasior stated that her most comfortable position was propped up on the couch, leaning on her side, with a pillow behind her back. She also claimed that her pain and depression caused her to lack concentration and focus. Plaintiff testified that

---
[2] The following facts from the parties' briefs are undisputed unless otherwise noted.

2

she experiences several crying spells each week, for a few hours each time. Her therapist, Dr. Theresa Finn, has opined that she is suicidal, hopeless, helpless, distracted, and perseverative; experiences flights of ideas; has poorly organized thoughts; and experiences auditory hallucinations.

B. **Vocational Expert Testimony**

The ALJ asked Vocational Expert ("VE") whether a hypothetical person with the same age, education, and work experience as Plaintiff, and a residual functional capacity ("RFC") limiting her to sedentary work, with the ability to alternate sitting and standing every fifteen minutes, with additional postural limitations as well as a limitation on simple, unskilled work with a flexible pace that does not involve quotas, could perform any types of work.[3] The VE said that available jobs included order clerk (approximately 8,800 jobs in the statistical area), telephone clerks (4,700 jobs), and account clerks (3,900 jobs). According to the VE, the number of available jobs was reduced by fifty percent in light of the need for a sit/stand option. The VE acknowledged that the Dictionary of Occupational Titles does not address the availability of jobs with the sit/stand option, and her conclusion that the total number of positions would be reduced by half was based upon her experience. The ALJ then asked if there would be any jobs available to the hypothetical person if she needed one-hour naps approximately three times a day, and the VE replied that all work would be precluded. The VE also stated that all competitive employment

---

[3] The VE testified that even at the higher exertional level of light work, Plaintiff could not perform her past relevant work as a teller and secretary.

would be precluded if she was off task more than fifteen percent of a workday for any reason.

### D. ALJ Decision

The ALJ found at step one that Gasior had not engaged in substantial gainful activity since her onset date of February 1, 2009. At step two, the ALJ concluded that Plaintiff had severe impairments of back problems, depression, pain, and obesity. The ALJ concluded at step three that the impairments, alone or in combination, do not meet or medically equal a Listing. The ALJ then determined that Claimant retained the RFC to perform sedentary work, with additional limitations of only occasionally climbing ladders, ropes, or scaffolds, or crawling; alternating between sitting or standing every fifteen minutes for thirty minutes at a time;[4] and moderate limitations on concentration and pace, specifically that the work be simple and routine, not involve quotas, and be at a flexible pace. At step five, based upon the VE's testimony and Claimant's age, education, work experience and RFC, the ALJ concluded that Gasior can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

## I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable

---

[4] Neither party addressed this seemingly paradoxical limitation, but it is not relevant to this opinion.

4

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir.

2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Gasior argues that the ALJ's decision was in error because: (1) her credibility finding was in error and resulted in an RFC that failed to include all of her limitations; and (2) the VE's testimony was not based upon reliable data.

### A. Credibility/RFC

Plaintiff argues that the ALJ's credibility determination was flawed and improperly discounted her subjective complaints of pain and depression, which she claims make her unable to sit and stand throughout a work day or to remain on task. The Commissioner responds that the ALJ properly considered Plaintiff's credibility in light of the record and her reported daily activities.

An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that in assessing the credibility finding, courts do not review the medical evidence *de novo* but "merely examine whether the ALJ's determination was

reasoned and supported"). However, an ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez* ex rel. *Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887-88); *see* SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005). When evaluating a plaintiff's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *See Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004); *see* SSR 96-7p at *3. When the claimant attends an administrative hearing, the ALJ "may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements." SSR 96-7p at *5.

While the ALJ's credibility determination relied in part on the language sharply criticized by the Seventh Circuit in *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012), the decision went beyond the boilerplate by noting that her allegations of pain and lack of concentration were not supported by the medical record. Specifically, the ALJ noted that she was released from her doctor's care post-

8

spinal surgery in November 2009; and she admitted in a November 2010 physical therapy report that her symptoms had decreased by fifty percent, and her lower extremity soreness was caused by exercise, not pain. In addition, her treating physician, Dr. Peter Dragisic, reported in September 2009 that Gasior's capacity for walking and sitting were only reduced by twenty to fifty percent; and she had no limitations in her ability to perform activities of daily living and only a moderate limitation in concentration, persistence, and pace.[5] The ALJ further noted that Plaintiff's complaints of disabling pain precluding sitting or standing for more than very short periods of time was contradicted by other evidence, *e.g.,* her testimony that she drove herself to the hearing; she could meaningfully contribute throughout the half-hour hearing without displaying any overt pain behavior; she was able to function socially; her daily activities, which included preparing meals, doing laundry, dusting, shopping, and attending church; as well as her ability to travel for an overnight vacation to Wisconsin and a ten-day cruise in February 2009.

The fact that another adjudicator may have come to a different conclusion based on the record is not a sufficient basis to overturn the ALJ's credibility determination. Gasior has not shown that the ALJ was unreasonable in giving greater weight to the medical evidence, which failed to support her objective complaints of pain and disabling depression, than it did to her testimony. The ALJ's credibility finding was specific, it was not patently wrong, and it will not be disturbed by this Court.

---

[5] Gasior makes no argument that the ALJ erred in assigning no weight to Dr. Dragisic's December 26, 2010 conclusory letter stating that in his opinion, Claimant is disabled.

B. **Vocational Expert's Opinion**

Plaintiff next argues that the ALJ's determination that jobs were available for a person with her background and RFC was in error because it relied on unsupported testimony by the VE. Specifically, Gasior alleges that the ALJ failed to reconcile conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT").

The ALJ asked the VE whether her testimony was consistent with the DOT, and she responded that it does not address some of the non-exertional limitations or the sit/stand option. She testified that her conclusion that the sit/stand option eliminated fifty percent of the available jobs was based upon her experience analyzing jobs and placing workers since 1993. During questioning by Gasior's attorney, the VE further stated that she could not enumerate all instances in which she had observed those positions. She stated that she could probably identify the places she had seen those jobs but not the particular dates. The VE did not, however, identify any places she had observed those positions, nor did she attempt to explain whether or how her anecdotal observations could be extrapolated to reliably establish the fifty percent reduction figure.

"It is the Commissioner's burden at Step 5 establish the existence of a significant number of jobs that the claimant can perform." *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004). If a vocational expert's opinion about job requirements is not contained in the DOT, "the adjudicator *has an affirmative responsibility* to ask about any possible conflict" between the opinion and the DOT.

10

*Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) (emphasis in original); *see* SSR 00-4p ("If the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict."). Moreover, the data and reasoning underlying a conflicting opinion must be "available on demand" in order to properly test the reliability of the expert's conclusions. *See Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). A VE's general experience alone is not sufficient to support a conclusion that conflicts with the DOT. *See McKinnie*, 368 F.3d at 911 (noting that the VE "did not substantiate her findings with a written report or other documentation to substantiate her figures"); *Smith v. Astrue*, No. 09 C 2392, 2010 WL 3526655, at *17 (N.D. Ill. Sept. 1, 2010) ("At a minimum, a vocational expert relying on personal experience, without any citation of objective reports or documents, must provide some specificity concerning the facts, figures, or other data that form the basis of his testimony."); *cf. Overman v. Astrue*, 546 F.3d 456, 464 (7th Cir. 2008) ("An ALJ is free to accept testimony from a VE that conflicts with the DOT when, for example, the VE's experience and knowledge in a given situation exceeds that of the DOT's authors, . . . or when the VE's contrary testimony is based on information in 'other reliable publications.'") (citations omitted).

The Court concludes that the VE's opinion that the sit/stand option would eliminate only fifty percent of the available jobs in the economy was not supported by substantial evidence. This was not a harmless error, because there is currently no competent evidence in the record that any of the jobs would remain available

11

with the sit/stand limitation. Therefore, the case must be remanded for the sole purpose of determining at step 5 whether Gasior could perform a significant number of jobs in the regional economy based upon the RFC, with its limitations, determined by the ALJ.

## CONCLUSION

For the foregoing reasons, Plaintiff Nadine A. Gasior's motion for summary judgment [Doc. No. 15] is granted in part and denied in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.   ENTERED:

*Maria Valdez*

DATE: **January 30, 2015**   _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**